GOLDMAN v. COHEN et al. (No. 7219.)

(Supreme Court, Appellate Division, First Department. May 7, 1915.)

1. CONTRACTS ⊂⊃119 — LEGALITY — RESTRICTION OF BIDDING — FORECLOSURE SALE.

An agreement by the holder of a building mortgage that, if the holder of a mortgage subject thereto would not attend and bid at the sale under the prior mortgage, he should be reimbursed for the amounts expended by him and be given an interest in the property, subject to the reasonable cost of completing the building, is not void as against public policy.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 654–658; Dec. Dig. ⊂⊃119.]

2. APPEAL AND ERROR ⊂⊃173—QUESTIONS PRESENTED—DEFENSES—STATUTE OF FRAUDS.

Where the complaint does not state whether the contract sued on was oral or in writing, and the answer did not plead the statute of frauds, that defense is not available on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1089, 1091–1093, 1095–1098, 1101–1120; Dec. Dig. ⊂⊃173.]

3. TRUSTS ⊂⊃92½—CONSTRUCTIVE TRUSTS—STATUTE OF FRAUDS.

The statute of frauds does not apply to an agreement by one mortgagor with another to give the other an interest in the premises if he would not compete in the bidding at the sale under a prior mortgage.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 141; Dec. Dig. ⊂⊃92½.]

4. SPECIFIC PERFORMANCE ⊂⊃128—DECREE—SALE OF PROPERTY.

In an action to enforce a promise to give plaintiff an interest in property bought by defendant at the foreclosure sale, the court cannot require the defendant to purchase plaintiff's interest at the valuation to be fixed by a referee, or else to submit to a sale of the property.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 412–419; Dec. Dig. ⊂⊃128.]

Ingraham, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Barney Goldman against Max Cohen and others. From an interlocutory judgment, adjudicating a lien upon land and appointing a referee to ascertain the amount thereof, defendants appeal. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Edward Kaufmann, of New York City, for appellants.

William Kaufman, of New York City, for respondent.

HOTCHKISS, J. On and prior to December 29, 1911, plaintiff was the owner of the fee of the premises in question. He subse-

quently sold to an improvement company, and took back a purchase-money mortgage for $12,000, subject to two prior mortgages, amounting to $11,500. He also agreed to make the company a building loan of upwards of $35,000. Having insufficient moneys to make the loan, he procured defendant Max Cohen to agree to make it, and plaintiff assigned to Jenny Freeman, Cohen's nominee, the building loan mortgage and agreement, at the same time guaranteeing payment of this mortgage. He also agreed to subordinate his $12,000 mortgage to the lien for advances to be made under the building loan mortgage. Building operations were subsequently commenced, and while in progress the holder of the second mortgage began foreclosure, to which action plaintiff, Freeman, and the improvement company were parties. At the time this foreclosure action was commenced, Max Cohen had advanced $10,500 on the building loan. The premises were advertised for sale in pursuance of the judgment of foreclosure on the 29th of December, 1911, prior to which time, and during the progress of the building operation, plaintiff had expended certain moneys on account of the premises and had also guaranteed certain lumber claims.

[1] Early in the morning of the day on which the sale was advertised to take place, Cohen orally agreed with plaintiff that if plaintiff would not attend and bid at the sale or otherwise attempt to protect his interests, if Cohen or his nominee should become the purchaser, he (Cohen) would reimburse plaintiff for the moneys he had expended, and would also pay the lumber claims for which plaintiff was liable, and would give plaintiff a one-third interest in the fee of the premises, subject to the first two mortgages and to the reasonable cost of the completed building. As attorney for Cohen, Freeman attended the sale and bid in the property. Freeman received the referee's deed, and at Cohen's request and without consideration conveyed the premises to the defendant Esther, Cohen's wife. After the sale Cohen repudiated his agreement with plaintiff, which agreement, by the judgment appealed from, he has been decreed to carry out. That the findings of fact on which the judgment rests are amply sustained by the evidence cannot be seriously disputed. Nor was the agreement relied on void as against public policy. Hopkins v. Ensign, 122 N. Y. 144, 25 N. E. 306, 9 L. R. A. 731.

[2, 3] From the complaint it did not appear whether the agreement was oral or in writing. The answer did not plead the statute of frauds, and no objection on that ground was taken at the trial. The defense is not now available. Matthews v. Matthews, 154 N. Y. 288, 48 N. E. 531; Dearing v. McKinnon Dash & Hardware Co., 165 N. Y. 78, 58 N. E. 773, 80 Am. St. Rep. 708. But, even if the statute had been pleaded, it would not have been applicable to the facts of the case. Ryan v. Dox, 34 N. Y. 307, 90 Am. Dec. 696; Congregation v. Universal Building, etc., Co., 134 App. Div. 368, 119 N. Y. Supp. 72.

[4] Objection is made, however, to the form of the judgment, which expressly finds the amount of the lumber claims and directs cancellation of the assignments thereof which Cohen had taken to himself; also that plaintiff recover the amount he expended in payment of the several items for which Cohen had promised to reimburse

him. It also adjudges plaintiff entitled to a one-third interest in the fee, subject to the several mortgages, including the reasonable cost of the completed building. The judgment also appoints a referee to ascertain the said amounts, and also what may be due to plaintiff on account of his one-third interest in the net income derived by Cohen from the premises subsequent to their completion. It then provides that the referee shall ascertain "what the value of this plaintiff's interest in said premises is," and by the final judgment to be hereafter entered, in the event defendant does not pay plaintiff the value of his interest, that the premises be sold, etc. What the value of the plaintiff's one-third interest in the premises may be is immaterial. The plaintiff has no right to compel the defendant to buy his interest in the premises, or to compel a sale of the premises in this action, and the judgment must be modified in these respects. The order to be entered hereon should be as follows: Decision modified, by striking therefrom at folio 62, in the direction for judgment, the words "and what the value of this plaintiff's interest in said premises is," and also the words beginning with "and the final judgment" in folio 63, to and including the words "by the said defendant," in folio 64.

Judgment modified, by striking therefrom the words "and what the value of this plaintiff's interest in said premises is," at folio 74, and the entire paragraph beginning with the words "ordered and adjudged," in folio 76, down to the end thereof, and, as so modified, the judgment should be affirmed, without costs.

McLAUGHLIN, CLARKE, and SCOTT, JJ., concur. INGRAHAM, P. J., dissents.