### KYNER v. BOLTON.

(Supreme Court, Appellate Division, Third Department. January 5, 1916.)

1. APPEAL AND ERROR ⬅️220—FINDINGS OF REFEREE.

Where the defendant, for the first time on appeal from a decision of the referee, attempts to present the defense that plaintiff's claim was invalid under the statute of frauds, it cannot be considered, since the court in that case sits as a court of review only, to correct errors of the referee.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1325–1332; Dec. Dig. ⬅️220.]

2. FRAUDS, STATUTE OF ⬅️139—AGREEMENTS WITHIN THE STATUTE—EXECUTED CONTRACT.

Where an oral agreement of a decedent to give plaintiff certain cash and certain notes for her interest in property, which they held by tenancy in common, decedent to bid in the property at a partition sale, and plaintiff to refrain from bidding on the sale, all of which was done, the action of the plaintiff on the notes against the estate of the decedent could not be defeated by a plea of the statute of frauds, the contract being fully executed.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 334–341; Dec. Dig. ⬅️139.]

3. BILLS AND NOTES ⬅️92—CONSIDERATION—EVIDENCE.

That plaintiff owned one-half interest in a farm; that she agreed not to bid at a partition sale on the whole farm, but to sell her share to the decedent for certain cash and certain notes, is sufficient to show a consideration for the giving of the notes.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 166–173, 175–205, 208–212; Dec. Dig. ⬅️92.]

4. BILLS AND NOTES ⬅️516—ACTIONS—EVIDENCE—SUFFICIENCY.

In action on promissory notes, where the evidence showed that plaintiff agreed to refrain from bidding at a partition sale of a farm, one-half interest of which was hers, and decedent agreed to pay her certain money and notes therefor, and that the signature on the notes was genuine, is sufficient, absent fraud, upon which to base a recovery by the plaintiff.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1800–1806; Dec. Dig. ⬅️516.]

Appeal from Judgment on Report of Referee.

Action by Hettie Parker Kyner against Emmett Bolton, as administrator with the will annexed of the estate of Olive Wright, deceased. From the decision of the referee appointed with consent of the par-

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ties and approval of the surrogate, disallowing plaintiff's claim, plaintiff appeals. Reversed, and new trial granted.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOOD-WARD, and COCHRANE, JJ.

Harry J. Mosher, of New Berlin, for appellant.
Ulysses G. Welch, of Edmeston, for respondent.

HOWARD, J. Prior to April 7, 1899, the plaintiff and Olive Wright were tenants in common of certain lands in Otsego county. Olive Wright had brought suit for the partition of the property, and the sale was to take place on the above date. A few days prior to the day of sale, Olive Wright and the plaintiff, who was her aunt, had a conversation concerning the property, wherein it was agreed that Olive Wright was to give the plaintiff $5,500 for her one-half interest in the farm, $2,500 in cash and $3,000 in notes, and that Olive Wright was to bid off the farm. The sale took place, and the property was struck off to Olive Wright. On the morning of April 24, 1899, Olive Wright signed the two notes, one for $1,000 and one for $2,000 (the notes in question), and delivered them to the plaintiff. Afterwards, and on the same day, she received the referee's deed of the premises. Olive Wright died April 15, 1905, without having paid the notes. Subsequently the plaintiff gave notice to the executor that she held the notes, and demanded payment. She filed the ordinary claim for the indebtedness against the estate, but the same was rejected, and the matter was referred to a referee and became an action in the Supreme Court. The referee disallowed the claim, and a judgment for costs has been rendered against the plaintiff.

[1, 2] On this appeal an attempt is being made by the defendant, for the first time, to present the defense that the contract between the two women was contrary to the statute of frauds and therefore void. This question was not thought of or litigated before the referee, and cannot therefore be considered here. This tribunal sits, not as a court of original jurisdiction, but as a court of review. It is not within the purview of our jurisdiction to consider issues in the first instance; we sit only to correct errors in the courts below. This has been repeatedly held. Marion v. Coon Constructing Co., 157 App. Div. 95, 141 N. Y. Supp. 647; Hammond v. Union Bag & Paper Co., 136 App. Div. 100, 120 N. Y. Supp. 652; Mulligan v. McDonald, 135 App. Div. 536, 120 N. Y. Supp. 522; Matthews v. Matthews, 154 N. Y. 288, 48 N. E. 531; Goldman v. Cohen, 167 App. Div. 666, 153 N. Y. Supp. 41. However, inasmuch as we are about to order a new trial, we are disposed to express ourselves on this subject for the guidance of the parties, in case the question presents itself again. And in this connection it is only necessary to say that if there was an agreement that the decedent was to give the plaintiff $2,500 in cash and $3,000 in notes for her interest in the property, and that the decedent was thereupon to bid in the property, the agreement has been fully carried out. The property was bid in by the claimant, the cash was paid, and the notes delivered, and it is immaterial whether the agreement before it was performed was capable of enforcement or

not. This action is not brought on the agreement, but on the notes, and therefore the statute of frauds has no application.

[3] From a careful reading of the evidence it becomes apparent that Olive Wright wished to secure to herself the ownership of the premises which she and the plaintiff held together. Her conversation with Dr. Lough, just prior to the contract in question, makes this quite certain. She evidently feared that the plaintiff might attempt to purchase the farm at the sale, and she wished to avoid this danger. A reasonable interpretation of the conversation between the two women results in the conclusion that they agreed between themselves that Olive Wright should give the plaintiff $5,500 for her share in the farm; that the partition sale should be allowed to proceed; and that the plaintiff would refrain from bidding at the sale, so that Olive Wright might obtain the property and get the referee's deed. Perhaps this was considered to be the simplest way of consummating the arrangement. It was an adjustment of the matter to the satisfaction of both parties, and was perfectly legitimate. At all events, a legal and abundant consideration for the notes passed from the plaintiff to Olive Wright.

[4] The genuineness of the signature of Olive Wright to these notes was proven beyond dispute and beyond doubt. The plaintiff's testimony as to the conversation with her aunt, drawn out by defendant's counsel, was wholly undisputed. In fact it was strongly corroborated by the testimony of Dr. Lough. No fraud is charged, and none was proven. Indeed the record discloses no defense to the claim either on the facts or in the law.

The judgment and decision appealed from should be reversed on the law and facts, and a new trial granted, with costs to the appellant to abide the event. The court disapproves of the fifth, sixth, and ninth findings of fact, and finds, in place of the ninth finding made by the referee, that the notes were duly made and executed by Olive Wright on April 24, 1899, and on that day delivered to the plaintiff.

LYON, WOODWARD, and COCHRANE, JJ., concur. KEL-LOGG, P. J., concurs in result.