MARIA CAVALLARO, Plaintiff, *v.* WILLIAM G. LEWIS, Defendant.

Supreme Court, Trial Term, Suffolk County, June 19, 1950.

*Munder, Weissman & Lockwood* for defendant.

*Samuel Sutro* for plaintiff.

COLDEN, J. Defendant moves to dismiss the complaint for legal insufficiency. We, therefore, assume the truth of the facts alleged. (*Locke* v. *Pembroke,* 280 N. Y. 430.)

Plaintiff for some years was the owner of a parcel of land at Huntington, Long Island. In 1945 the parcel was sold to the County of Suffolk for unpaid 1944-45 town taxes. On September 25, 1946, the county assigned its tax certificate to the defendant for $40.55. On December 17, 1948, the Treasurer of Suffolk County delivered a tax deed of the property to the defendant.

On several occasions between September 25, 1946, and December 17, 1948, defendant, who is a real estate broker, represented to the plaintiff that he had a prospective purchaser interested in the property. He never informed the plaintiff that he had purchased the tax certificate. He continually delayed negotiations for the purchase of the lots with the deliberate purpose and design of permitting plaintiff's period of redemption to expire. Plaintiff paid the 1947–48 and 1948–49 taxes. When she subsequently learned that defendant had purchased the tax certificate, she tendered him the amount paid with interest and expenses, and demanded the reconveyance of the tax certificate and deed to her but defendant has refused to reconvey except on payment of $1,000.

Defendant claims that there was no fiduciary or confidential relation existing between him and the plaintiff, and that, therefore, it cannot be said that " defendant owed the plaintiff any duty whatsoever."

There is always a duty to deal honestly. It is true that where a confidential relationship exists, courts will scrutinize the conduct of the parties more closely, and in such case even *constructive* fraud may be sufficient to support a constructive trust. To quote from an eminent text writer: " Certain species of the constructive trusts arise from actual fraud; many others spring from the violation of some positive fiduciary obligation; in all the remaining instances there is, latent perhaps, but none the less real, the necessary element of that unconscientious conduct which equity calls constructive fraud." (4 Pomeroy on Equity Jurisprudence [5th ed.], § 1044, pp. 94–95.) In the instant case plaintiff accuses defendant of *actual* fraud in delaying purported negotiations for the purchase of the property with the intent, so far successful, of lulling plain-

tiff into inaction until her time to redeem had expired. This case is not unlike the situation presented in *Ryan* v. *Dox* (34 N. Y. 307) where, because of defendant's representation that he would buy in plaintiffs' property at a foreclosure sale and hold it for their benefit, the plaintiffs were induced to refrain from finding anyone else to bid in the premises for them. Such conduct, said the court, will make the defendant a trustee *ex maleficio*.

The fact that the plaintiff, in asking that the property be sold, has mistaken her remedy (*Goldman* v. *Cohen*, 167 App. Div. 666) does not affect the sufficiency of the complaint. (*Wainwright & Page* v. *Burr & McAuley*, 272 N. Y. 130.)

The motion is denied. Submit order.