## Reuben Hammond, Appellee, v. The Bloomington Canning Company, Appellant.

1. EVIDENCE, § 110*—*when testimony relating to X-ray photograph inadmissible.* In an action for personal injuries, permitting doctors, over objection, to testify what an X-ray photograph of plaintiff's person showed without producing the photograph, *held* error for the reason that the photograph was the best evidence.

2. EVIDENCE, § 436*—*sufficiency of hypothetical question.* In an action for personal injuries, a hypothetical question asked of doctors who had examined plaintiff, which commences: "Assuming that a man whose present condition is as you disclose the condition of plaintiff to be," etc., *held* improper, for the reason that the question should have in it all the facts on which the answer is based and that plaintiff claims his evidence proves his condition to have been.

3. DAMAGES, § 115*—*when excessive.* A judgment for forty-five hundred dollars for personal injuries *held* excessive in view of the work which plaintiff did after the injury.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of McLean county; the Hon. COLOS-TIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed October 16, 1914.

BRACKEN & YOUNG and W. B. LEACH, for appellant; BURT A. CROWE, of counsel.

DEMANGE, GILLESPIE & DEMANGE, for appellee.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

This is an action on the case by the appellee against the appellant to recover damages for personal injuries alleged to have been sustained by appellee because of the negligence of appellant.

A trial resulted in a verdict in favor of appellee and against appellant for forty-five hundred dollars. Judgment was entered on the verdict and appellant has appealed to this court.

Appellee was employed by appellant as a carpenter and general purpose man at appellant's canning factory in Leroy, Illinois. At the time of the accident complained of appellee was engaged in helping repair a broken drive shaft over a corn conveyor. The doing of this work required those who were engaged in it to get into the conveyor. Before beginning the work the conveyor was stopped and the men who had charge of operating the machinery were instructed not to start the conveyor while the men were repairing the drive shaft and until they were instructed to do so. While appellee was thus at work in helping repair the drive shaft and standing in the conveyor, the conveyor was suddenly started and appellee was thrown down and carried by the conveyor under a shaft nine inches above the top of the slats of the conveyor. He caught hold of the shaft and several slats of the conveyor passed under him, injuring him before the machinery was stopped.

Appellee was off work about four days, did not consult a doctor and then worked regularly for several weeks at his trade, a carpenter. An X-ray picture was taken of appellee's person and doctors were permitted, over objection of appellant, to testify what the X-ray showed without producing the photograph. This was error. The photograph was the best evidence as to what it showed, and appellant was entitled to see them in order that he might properly cross-examine the doctor as to what they showed and to offer testimony as to what they did not show.

A hypothetical question was asked several doctors who examined appellee. They were the doctors who had been employed by appellee. The question starts: "Assuming that a man whose present condition is as you disclose the condition of plaintiff to be," etc. The question should have in it all the facts on which the answer is based that appellee claims his evidence proves his condition to have been, so that the jury may know the facts on which the expert bases his answer. There may have been many things the doctor discovered that are a foundation for the answer made that are not known to the jury. There is a serious question in this case whether appellee was injured nearly as seriously as he now insists he was. The question also varies from the proven facts but not very materially. The question was improper and the objection to it should have been sustained. Appellee's judgment of forty-five hundred dollars is also excessive we think from the work he did after the injury.

In argument, reference was made to appellee as "a poor man," "a humble man." While we do not regard this, standing alone, as constituting reversible error, still the remarks were highly improper and prejudicial to appellant and should not have been made. For the errors indicated, the judgment will be reversed and the case remanded.

*Reversed and remanded.*