VERNE MARION, Respondent, *v.* B. G. COON CONSTRUCTION COMPANY, Appellant.

**Master and servant — negligence — facts constituting cause of action under Employers' Liability Law — evidence — when evidence is proper in explanation of X-ray plates.**

1. When any person in the service of an employer intrusted with any superintendence is negligent, and by reason thereof personal injury is caused to an employee who is himself in the exercise of due care and diligence at the time, a statutory ground of liability is established under the amendment of 1910 to section 200 of the Labor Law (L. 1910, ch. 352).

2. X-ray plates themselves unexplained are not in all cases the *only* competent evidence of what they show. Unexplained by the evidence of one who qualifies as an expert in the interpretation of such plates, they may tend to mislead rather than to aid. Hence, the evidence of an expert is proper, if not essential, in aid of the plates.

3. A proper foundation for the evidence of the expert should be laid by the production of the plates in court and by their introduction in evidence after competent proof as to their accuracy.

*Marion* v. *Coon Construction Co.*, 157 App. Div. 95, affirmed.

(Argued October 13, 1915; decided November 16, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered June 2, 1913, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Riley H. Heath* and *Howard Cobb* for appellant. The trial court erred in violation of the substantial rights of the defendant in submitting to the jury the question of whether the defendant was negligent in hiring Davis, an alleged incompetent man. (*Faieia* v. *Smith*, 3 Misc. Rep. 255; *Lanan* v. *Hibbard*, 63 Ill. App. 54; *Houck* v. *Gue*, 30 Neb. 113.) A common-law question of negligence and one under the Labor Law cannot be submitted to the jury at the same time. If they can be then the court must take particular care to instruct the jury in the different rules governing its deliberation on each question. (*Payne* v. *N. Y., S. & W. R. R. Co.*, 201 N. Y. 436; *Proctor* v. *Rockville Center Co.*, 205 N. Y. 508; *Glynn* v. *N. Y. C. & H. R. R. R. Co.*, 125 App. Div. 186; *Chernick* v. *I. Am. Ice Cream Co.*, 147 App. Div. 767; *Clancy* v. *N. Y., N. H. & H. R. R. Co.*, 157 App. Div. 337; *Collelli* v. *Turner*, 154 App. Div. 218; *Muench* v. *Terry & Tench Co.*, 154 App. Div. 856; *Welch* v. *Waterbury & Co.*, 136 App. Div. 315.) The trial court committed reversible error in permitting plaintiff's witnesses to testify as to what they saw on certain X-ray pictures when the proper foundation had not been laid for such testimony. (17 Cyc. of Law & Pro. 420; 2 Whart. Cr. Ev. [10th ed.] 1129; Wood's Pr. Ev. [2d ed.] 11.)

*Ralph S. Kent* and *Willard M. Kent* for respondent.

POUND, J. This is an action to recover damages for injuries sustained by plaintiff while in defendant's employ. Plaintiff was struck and knocked into a gorge by the fall of the boom of a derrick. The complaint alleges various acts of negligence both at common law and under the Labor Law (§ 200, as amended by Laws 1910, ch. 352). At the close of the evidence defendant moved that the plaintiff be required to elect upon what proposition, either the common law or the statute, the

case should go to the jury. The court, without requiring an election, said: " I will rule that this is a case under the statute and is not one under the common law." To this ruling and to the refusal to grant the motion to require an election defendant excepted. Although this ruling, as such, is not complained of by the defendant, it may be observed in passing that under the decision of this court in *Payne* v. *N. Y., S. & W. R. R. Co.* (201 N. Y. 436) the plaintiff had but one cause of action, *i. e.,* the negligence of defendant, and that he was entitled to have that cause of action properly submitted to the jury on all grounds of liability proved by him.

Defendant's contention is that after ruling that the case was under the statute the court submitted to the jury a common-law ground of liability, viz., the negligent hiring of Davis, an alleged incompetent fellow-servant of plaintiff, whose negligence is charged as a contributing cause of the injury. This contention is based on a misapprehension of the instructions of the trial court. The question submitted was, to quote from the charge, "whether this defendant was negligent in putting an incompetent man to do the work " of operating the hoisting apparatus of the derrick. The jury was thus instructed to consider, not the general hiring of Davis by defendant, but the act of defendant's superintendent Riley, in putting an inexperienced boy at the work of operating the hoisting machinery connected with the derrick without giving him proper instructions.

When any person in the service of the employer intrusted with any superintendence is negligent, and by reason thereof personal injury is caused to an employee who is himself in the exercise of due care and diligence at the time, a statutory ground of liability is established under the amendment of 1910 to section 200 of the Labor Law. The trial court committed no error in submitting this question to the jury as a question of liability under the statute, nor does it appear that defendant was misled in

any way by the ruling that the case was under the statute.

But it is further urged that error was committed in permitting plaintiff's medical witnesses to testify as to what they found to be shown by certain X-ray plates of plaintiff's back. Dr. James A. Gardner testified to the results of a physical examination of plaintiff and then the following occurred:

"Dr. Gardner. So as to prove up what we had found I had some X-ray pictures taken, a few, showing these broken bones, and on developing and examining them we found that the ribs —

"Defendant's counsel. Objected to as incompetent, improper, and not the best evidence.

"By the Court: Did you take these pictures?

"A. I was present when the pictures were taken, saw them taken, saw them developed and looked at the plates immediately after they were developed.

"Objection overruled. Exception."

The witness then states what he found. Dr. Tinker, under like objection and exception, was allowed to testify to what was shown by the X-ray plates. Dr. Coville testified without objection to what was thus shown.

X-ray plates unexplained are not in all cases the *only* competent evidence of what they show. Dr. Besemer, called by the defendant, said: "the X-ray will truly reveal *to an expert* the condition of the spinal column and hip joint if properly applied." Dr. Unger, called by defendant, said that to diagnose the injury he would " have an expert X-ray the back; *to an expert* that would disclose the actual condition of the bones, joints and vertebra. I wouldn't be able to tell very much about the back in this locality X-rayed." In brief, X-ray photographs of the back and pelvic region unexplained by the evidence of one who qualifies as an expert in the interpretation of such plates, may tend to mislead rather than to aid, not the layman alone, but even a general prac-

titioner of medicine. The evidence of the expert is proper, if not essential, in aid of the plates. The defendant's point as made on the trial seems to go to the testimony of the witnesses as to what the plates showed on the theory that the plates themselves were the *only*.competent evidence of the physical conditions shown thereby and that it was improper for plaintiff's witnesses to tell what the plates indicated to their trained eyes, not because the plates were not produced, but because the evidence would be incompetent even if the plates had been produced. This is not the rule and if this is the point of defendant's exception it is without merit.

But we may go further and assume that the objection is sufficiently certain in form to raise the point that the witnesses were giving evidence for which no proper foundation had been laid by the production of the plates in court and by their introduction in evidence after competent proof as to their accuracy. We do not hold that it was incumbent upon the defendant to demand the production of the plates in order to have the benefit of this exception. If the objection was properly made no demand to produce the plates was necessary. We do not sanction a ruling of the trial court permitting a witness to give evidence, over a proper objection, of what he found to be shown by X-ray plates not produced in court and not shown by competent proof to be correct representations of the portion of the body examined by aid of the X-rays when it appears that the evidence thus admitted affects the substantial rights of the parties. Such ruling would be error.

But the exception in the case before us, construed most beneficially to defendant, relates to form rather than to substance. The defendant's physicians testified to serious and permanent injuries to plaintiff. There is not the slightest suggestion in the case that plaintiff's witnesses placed any reliance on the X-ray plates except to confirm a diagnosis made independently thereof, the accu-

racy of which is not seriously questioned. Under the circumstances we find no exception affecting the substantial rights of the parties in this case which calls for a reversal of the judgment.

The judgment of the Appellate Division should be affirmed, with costs.

WILLARD BARTLETT, Ch., J., CHASE, COLLIN, CUDDEBACK, CARDOZO and SEABURY, JJ., concur.

Judgment affirmed.