W. R. HAYES *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, *a corporation*

(No. 7632)

Submitted November 7, 1933.   Decided November 21, 1933.

*Charles Ritchie,* for plaintiff in error.
*Hubard & Bacon,* for defendant in error.

MAXWELL, PRESIDENT:

This action is based on the disability clause of a life insurance policy. The case is here on writ of error awarded the defendant to a judgment against it, on verdict, in favor of the plaintiff for $3,073.61.

The policy, issued February 3, 1926, for $5,000.00, provided that upon total disability of the insured, the insurer would waive the premiums on the policy during the disability and pay $50.00 per month. The prefatory portion of the disability clause reads:

> "If the insured shall. become totally and permanently disabled, either physically or mentally, from any cause whatsoever, to such an extent that he (or she) is rendered wholly, continuously and permanently unable to engage in any occupation, or perform any work for any kind of compensation of financial value during the remainder of his (or her) lifetime, and if such disability shall occur at any time after the payment of the first premium on this policy, while this policy is in full force and effect and the insured is less than sixty years of age, and before any non-forfeiture provision shall become operative, the Company, upon receipt of due proof of such disability, will grant the following benefits: (1) Waiver of premiums * * *. (2) Monthly income to insured * * *."

Under the second provision there is this undertaking on the part of the insurer:

> "The first monthly payment shall be made immediately upon receipt by the company of due proof of such disability and subsequent payments shall be made on the first day of each month thereafter."

Plaintiff, a bank cashier, became ill from heart disease in July, 1927. He has been under the advice and care of physicians since that time. Following his initial attack, he spent several weeks in a hospital, then took a trip; tried to return to work at the bank but was unable to render service and had to abandon the effort. His indisposition has been diagnosed as coronary thrombosis. Three physicians who have examined and treated plaintiff sustain his position that he has been and is unable to do any work of consequence, either clerical or physical. They say his condition is permanent. The thought of the physicians seems to be that though the plaintiff might for certain periods be able to engage in some gainful activity, he would thereby subject himself to the constant danger of breakdown and collapse, possibly fatal. Perhaps the strongest statement made by any of the physicians in respect of the plaintiff's ability to work was made by Dr. R. P. Woods on cross-examination as follows: "Mr. Hayes would be able to do work which required no considerable physical exertion or mental exertion at such times as he might not be feeling ill from the heart's bothering him on that day." This statement of the physician is pointed out and relied on by the defendant as showing that the plaintiff is not totally disabled, but we are unable to attach that meaning.

Total disability clauses of life insurance policies have been prolific sources of litigation. Shall they be strictly or liberally construed? The courts are not in accord, but the weight of opinion sustains a practical and liberal construction, for, it is said, if such provisions are strictly and literally construed, it would be almost impossible for any person to sustain a recovery thereunder; that few persons, short of serious mental breakdown are totally disabled from doing some sort of work, or rendering some sort of service. "Total disability" clauses appear sometimes in life insurance policies and sometimes in accident policies. Some of the cases deal with one and some with the other, but the basis for determination of the meaning of the phrase is the same in either instance.

Absolute helplessness is not deemed by the courts to be a condition precedent to the right of an insured to recover under a total and permanent disability clause. According to many cases, recovery may be had by an insured where, because of injury or illness, he has become unable to do substantially all the material acts necessary to the conduct or prosecution of his business or occupation in substantially his usual and customary manner. *McCutchen* v. *Life Ins. Co.*, (S. C.) 151 S. E. 67; *Berry* v. *Life & Accident Ins. Co.*, (S. C.) 113 S. E. 141; *Industrial Mut. Indemnity Co.* v. *Hawkins*, (Ark.) 127 S. W. 457; *Brown* v. *Life Ins. Co.*, (S. C.) 134 S. E. 224; *Marchant* v. *N. Y. Life Ins. Co.*, (Ga.) 155 S. E. 221; *Hurley* v. *Bankers' Life Co.*, (Iowa) 199 N. W. 343, 37 A. L. R. 146, and note; *Foglesong* v. *Brotherhood*, (Mo. App.) 97 S. W. 240.

In the case of *Cody* v. *John Hancock Life Ins. Co.*, 111 W. Va. 518, 163 S. E. 4, 5, being a suit based on a total and permanent disability clause in a life insurance policy, we approved an instruction which told the jury that ''the total disability contemplated by this policy does not mean a state of absolute helplessness, but means the inability to do substantially all the material acts necessary to the prosecution of any occupation or employment for wage or profit in substantially the customary and usual manner in which such occupation or employment for wage or profit is prosecuted.'' Commenting on the meaning of the term ''total disability'', we said: ''It does not mean absolute incapacity, mental or physical. The phrase must be construed rationally and practically.''

This brings us to a consideration of plaintiff's instruction No. 2. It follows:

> ''The court instructs the jury that the words 'wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value', as used in the insurance policy introduced in evidence, and upon which this suit is based, do not require that the plaintiff, William R. Hayes, be absolutely helpless before he is entitled to receive the disability benefits provided for in said policy, but merely require such a disability as renders him unable continuously and

permanently to perform the substantial, material and necessary acts of any business or occupation similar to that of Cashier of the Merchants & Miners Bank in the usual and customary way or from performing any other clerical work; you are instructed that even if you should believe from the evidence that the plaintiff is able to engage in some inconsequential occupation, substantially different from his usual occupation, or that he is able to perform some trivial duty or duties as Cashier of said bank, still he would be wholly, continuously and permanently disabled within the meaning of said clause as used in said policy and may recover in this action, provided you believe from a preponderance of the evidence that the said plaintiff became incapacitated by disease or otherwise on the 28th day of July, 1927, so as to render him wholly, continuously and permanently unable to perform the substantial, material and necessary duties of Cashier of said Bank *of* any other clerical work or business in the usual and customary way.''

It will be observed that there is marked difference between this instruction and the instruction in the *Cody* case, although the disability clauses involved in the two cases are substantially the same. In the *Cody* case, the jury was told that the total disability contemplated by the policy meant the inability of the insured ''to do substantially all of the material acts necessary to the prosecution of any occupation or employment for wage or profit * * *.'' In the instant case the jury was told in substance that the said clause meant a disability which would render the insured unable to discharge the duties of bank cashier or from performing any other clerical work. Does the law sustain a construction which thus circumscribes the efforts that must be put forth by the insured? As indicated above, many cases so hold. We think, however, that the results are practically the same, certainly for this case. Of course, an insured would not be sustained in a claim for benefits under a disability clause because of his inability to engage in his accustomed vocation, if his indisposition did not prevent him from engaging in practical manner in some other and useful work. But the fact that he might do some trifling, unimportant and inconsequential things would not preclude his right under the disability

clause. Total disability is a relative term. Each case must be considered on its own facts. Where the evidence tended to show that the insured was not incapacitated from engaging in other and useful employment, the giving of an instruction such as the one under consideration would probably not be warranted. But where, as in this case, there is no showing of ability to engage in other useful work, the giving of such instruction carries no prejudice to the insurer.

Another point of error assigned pertains to plaintiff's instruction No. 1. It authorized the jury, if it found for the plaintiff, to find ''for any premiums he may have paid, if any, since the defendant had notice of said disability, and disability benefits at the rate of $50.00 per month from the date of his disability to the time of the institution of this action and assess his damages accordingly * * *.'' This instruction is correct in authorizing a finding for premiums, if any, paid by the plaintiff subsequent to his giving notice to the defendant of his disability; but it is incorrect in authorizing a finding for disability benefits from the date of his disability which was July 28, 1927. The error in this latter particular lies in the fact that under a provision, above quoted, of the disability clause the first monthly payment of disability benefits is not required to be made until receipt by the company of due proof of disability. No claim for benefits under the disability clause was made by the plaintiff until January, 1932. Proof of disability was a condition precedent to the company's liability to pay disability benefits. *Parker* v. *Life Ins. Co.*, (S. C.) 155 S. E. 617.

Plaintiff seeks to meet this situation by reliance upon the well recognized rule as thus stated in 14 Ruling Case Law, at page 1349: ''The weight of authority is in favor of the rule that a distinct denial of liability and refusal to pay, on the ground that there is no contract, or that there is no liability, is a waiver of the condition requiring proof of the loss or death. It is equivalent to a declaration that the insurer will not pay though the proof be furnished. The preliminary proof of loss or death required by a policy is intended for the security of the insurers in paying the amount insured. If they refuse to pay at all, and base their refusal upon some distinct ground without reference to the want or defect of

the preliminary proof, the occasion for it ceases and it will be deemed to be waived."

The rationale of the situation where there has been death of the insured under a life policy or damage or destruction of property protected by insurance is entirely different from that which arises on a claim for disability benefits. In cases involving death or damage to or destruction of property, a denial of liability may be made by the insurer upon the happening of the event, and prior to the filing of proof of loss. In such instance, of course, the filing of proof of death or property loss would be a vain and useless thing. But under a disability clause of a life policy, in the very nature of things, there is ordinarily, at least, no opportunity to deny liability for disability benefits until the insured makes claim. Therefore, in the absence of such denial, a defense of no liability interposed by an insurer in an action for disability benefits does not relieve the insured from the operation of the plain provisions of the contract, and entitle him to recover benefits for a period prior to the date when he made known to the insurer that he would claim such benefits.

Because of the error in plaintiff's instruction No. 1, we reverse the judgment, set aside the verdict, and remand the case for a new trial.

*Reversed and remanded.*