KATHRYN R. JENKINS, *Admx., etc., v.* NEW YORK LIFE
INSURANCE COMPANY

(No. 8980)

Submitted January 16, 1940.   Decided February 13, 1940.

*R. E. O'Connor* and *A. G. Thompson,* for plaintiff in error.

*Brown, Jackson & Knight* and *R. G. Kelly,* for defendant in error.

KENNA, JUDGE:

This is a notice of motion proceeding, brought in the Court of Common Pleas of Kanawha County, in which the demurrer of the New York Life Insurance Company to the plaintiff's notice was sustained, and the proceeding dismissed. The Circuit Court of Kanawha County having declined the plaintiff's application for a writ of error, the prayer of the petition was granted by this Court.

According to the allegations of the notice, in December, 1923, the policy under the terms of which recovery is sought was issued. It remained in effect until the death of the insured in 1934. The only question involved in this proceeding is whether a notice of disability which the company received April 14, 1933, operated retroactively so that the insured was entitled to the monthly payment of disability insurance provided for in the policy from the inception of his total disability, which the notice alleges began June 21, 1929. Upon receiving the proof of disability, the New York Life Insurance Company waived premiums and made the monthly income payments from that time until the death of the insured. As stated, the insured's personal representative

now seeks to recover payments which antedate the time of the proof of disability.

The material parts of the life insurance policy forming the basis for the recovery herein sought are contained in paragraph three and read as follows:

"3. Benefits.—Upon receipt at the Company's Home Office, before default in payment of premium, of due proof that the Insured is totally and presumably permanently disabled and that such disability occurred after the insurance under this Policy took effect and before its anniversary on which the Insured's age at nearest birthday is sixty years, the following benefits will be granted:

"(a) Income Payments.—The Company will pay to the Insured a monthly income of $10 per $1,000 of the face of the policy during his lifetime and continued disability, beginning immediately on receipt of said proof. Any income payment due before the Company approves the proof of disability shall be payable upon such approval. If disability results from insanity, income payments under this section will be paid to the beneficiary in lieu of the Insured."

The plaintiff in error (insured) advances three contentions:

(1) That the language of the policy in plain and unequivocal terms entitles the insured to disability insurance covering the full period of a disability arising during the life of the policy, if satisfactorily proven regardless of the time the insurer received the proof.

(2) That if the policy is not sufficiently explicit to clearly so provide, the language covering the disability provision is ambiguous, and for that reason is susceptible of that interpretation because the policy is to be read most favorable to the insured.

(3) That if both the preceding contentions are found against the plaintiff in error, because of the fact that the insured was mentally incapacitated from June, 1929, to and including the time when the company was given

notice of his disability, insured should be excused for the delay, and the notice when received should operate retroactively.

The first two questions raised, both of which involve language used in the disability benefit provision contained in the third part of the contract, may be dealt with together. Should we regard the language of paragraph (a) of that part of the contract as carrying a meaning plainly in favor of the insured's contention or as being of uncertain meaning the consequence would be that a dismissal of the plaintiff's notice constituted error. However, should the language of that clause be regarded as distinctly and plainly expressing the meaning placed upon it by the defendant in error, the only basis upon which the insured's administrator could be considered, under the averments of his petition, as entitled to recover, would be because his disability had excused him from performing or executing the terms of the bilateral contract.

As we understand the plaintiff's construction of that part of the policy now under consideration, it is to be read as providing for the insured in the event of total and presumably permanent disability a monthly income for the entire period coinciding with the existence of his disability, regardless of the time of filing his proof of loss, so that if the proof of loss were filed, as here, months after the disability accrued, although the filing of a proof of loss is an indispensable condition to the payment of that loss, if and when filed, it relates to the time the disability began and requires the payment of a monthly income covering the full period.

We think that taken in its usual and common meaning, which, of course, may exclude logical niceties, the part of this policy under consideration is plainly understandable. The word "income", as we read it and its context, means recurrent periodical payments, and limited by the adjective "monthly" the time of payment becomes fixed. It does not contemplate a lump sum payment in part or in whole, the plaintiff's contention being that now

he is entitled to a lump sum payment for a period of approximately forty-six and one-half months amounting to the sum total of $1,161.67. The only recognition of an approach to a lump sum payment is the provision contained in this same paragraph to the effect that an income payment becoming due before the company approves the proof of loss shall be payable upon that approval. There is no recognition of payments that might otherwise accumulate, such as those becoming due from the time of disability and before a proof of loss is filed. The phrase "beginning immediately on receipt of said proof" relates only to "monthly income", and not, as plaintiff contends, to all payments inclusive of a lump sum settlement covering the omitted period. A construction including a lump sum payment would constitute an unjustifiable interpolation altering the substantial meaning of the policy instead of merely adding an explanatory phrase. It is not necessary to comment upon the fact that prompt proofs of loss are essential and necessary not only to the welfare of a life insurance company, but for a proper protection of the rights of its policyholders in general. Theoretically, if the amount due under the disability clause is regarded as cumulative beyond the explicit terms of the policy, the fiscal status of the company might become uncertain and if the insured's right to disability payments should relate back instead of being determined at the time he filed his proof of disability, the company's facilities for examining the claim, if not obliterated, would be greatly impaired. Being of the opinion that the terms of the policy are not ambiguous, we are not favorably impressed by plaintiff's first two positions.

Taking up the third question, at the outset attention should be directed to the fact that the question here involved is not whether the insured's disability relieved him from performing a condition which went to his basic right under the contract, but only whether his disability relieved him of filing his proof of loss at its inception, so that when filed his right to recover, which

he had not lost, could extend back to the beginning of his disability. In other words, as we view it, the question here is not the forfeiture of the insured's acquired right to recover due to his inability to perform some contractual duty required by the terms of the contract to preserve that right, but is the question of defining the circumstances under which the insured's right to recover would arise. In this case, the disability clause was an ancillary contractual understanding made a part of a life insurance policy and in that connection to be distinguished from an accident policy.

We do not think that the cases of *Iannarelli* v. *Kansas City Life Ins. Co.*, 114 W. Va. 88, 171 S. E. 748, and *Da Corte* v. *New York Life Ins. Co.*, 114 W. Va. 172, 171 S. E. 248, are directly applicable for the reason that both of these cases involved the payment of life insurance premiums, being a question that struck at the essence of the existing contracts.

The case of *Hayes* v. *Insurance Co.*, 114 W. Va. 323, 171 S. E. 824, involved a disability clause in a life insurance policy similar to the one now before the Court. In the *Hayes* case, the policy provision was for "monthly income", but further provided that the "first monthly payment shall be made immediately upon receipt by the company of due proof of such disability and subsequent payments shall be made on the first day of each month thereafter." This Court held that proof of disability was a condition precedent to the company's liability to pay disability benefits and that it was not required to pay benefits from the date of disability which antedated the proof. We are not convinced that the difference in verbiage between the disability clause involved in the *Hayes* case and that in the present case is material, and consequently we look upon that case as controlling the question that a proof of loss under the disability clause of the life insurance policy now before us is a condition precedent.

The case of *Neill* v. *Insurance Co.*, 119 W. Va. 694, 195 S. E. 860, relied on by the plaintiff, involved a double

indemnity disability "rider" attached to a policy of life insurance. The policy before the Court in the *Neill* case being a life insurance policy, and yet the rider in its terminology partaking of the nature of an accident insurance policy, that case involved an extremely unusual set of circumstances, and we do not regard it as a binding precedent holding that under life insurance policies generally incapacity excuses the non-performance of a condition precedent. We are under the impression that the weight of authority in this regard recognizes the distinction between accident insurance policies and life insurance policies, and that under a life insurance policy, the disability provisions are to be strictly construed at least to the extent of treating their terms as creating conditions to be performed before liability arises, while in an accident policy the conditions involving and attached to the primary subject matter of the policy, i.e., accident, and not having to do with the vital question of the inception of liability are to be regarded as conditions subsequent, so that in the one case disability does not extend the time for the required filing of a proof of disability, whereas, in the other, it does. The *Neill* case was one where the policy being in force, liability thereon accrued at the date of the accident, subject only to the condition subsequent that proof thereof be filed within a stipulated period; while the case before us is one where liability, under the contract, did not accrue until the filing of proof of disability, a condition precedent. We wish to direct attention to the confused use of the terms "condition precedent" and "condition subsequent" in the decided cases and to the apparent confusion existing in cases involving the construction of life and accident insurance policies. (See the discussion in the *Iannarelli* opinion, 114 W. Va. 90, bottom.) In this State, there being no standard policies of either class, the apparent confusion in reality rests upon a difference in the terms of the policies under consideration.

We do not believe that we are here confronted with the question of the enforcibility of a vested right, but

we are entirely concerned with the question of a condition required by the contract's terms to be performed prior to the vesting of that right. The defendant having so construed the terms and conditions of the insurance policy here involved and having fully performed and discharged its obligations under the insurance contract, when properly construed, the judgment of the Circuit Court of Kanawha County is affirmed.

*Affirmed.*