HERMAN F. SHANK

*v.*

JEFFERSON STANDARD LIFE INSURANCE COMPANY

(No. 9739)

Submitted January 9, 1946.    Decided February 12, 1946.

*C. W. Strickling, Fitzpatrick, Strickling & Marshall* and *Smith, Wharton & Jordan,* for plaintiff in error.

*T. W. Peyton* and *Peyton & Winters,* for defendant in error.

Fox, Judge:

Jefferson Standard Life Insurance Company complains of a judgment entered against it in the Circuit Court of Cabell County on April 13, 1945, *nunc pro tunc* as of September 15, 1944, for the sum of $1,723.63, in an action at law in which Herman F. Shank was plaintiff, and said insurance company was defendant. The parties will be referred to as they stood in the court below.

The facts are not in dispute and, as stipulated by the parties before the trial court, are as follows: On April 28, 1932, plaintiff purchased from defendant a life insurance policy in the face amount of twenty thousand dollars, in consideration of a premium paid at the time of delivery of the policy, and a like sum to be paid annually on each anniversary date of the policy. A rider, attached to said policy, called for the payment of an additional annual premium in the amount of $25.40, which became a part of the total premium as set forth on the face of the policy. This rider, so far as pertinent to the issue presented herein, is in the words and figures following:

> "If while this policy is in full force and effect, and before the anniversary of this policy on which the Insured's age at nearest birthday is sixty years, the Company shall be furnished during the lifetime of the Insured and during the period of disability as herein defined, with due proof that the Insured has become totally disabled by bodily injuries or disease occurring or commencing subsequent to the issuance of this policy and while the policy is in full force and effect and that he has been continuously and wholly prevented thereby for six or more consecutive months from engaging in any occupation or employment whatsoever for remuneration or profit, the Company by endorsement upon the policy will agree:

"To waive the premiums or installments thereof, which shall become payable prior to maturity date of policy and during such period of continuous total disability, beginning with the premium or installment thereof, the due date of which next succeeds the date of commencement of such disability; provided, however, that in no event shall a premium or installment thereof be waived, the due date of which preceded by more than six months the receipt, at the Home Office of the Company, of due proof of such disability. If, however, any premiums or installments thereof that become due during such disability are in default before receipt at the Home Office of the Company of due proof of such disability such premiums or installments shall be waived provided the due proof of such disability is received at the Home Office within six months of the due date of the first such premium or installment thereof in default, or if such disability commenced within the grace period allowed for payment of the first such premium or installment thereof in default, the Insured shall be liable to the Company for said first premium or installment thereof in default, with interest at six per cent per annum, and succeeding premiums or installments which shall have become payable during such disability shall be waived, provided the due proof of such disability is received at the Home Office within seven months of the due date of the first such premium or installment thereof in default.

"To be effective due proof of claim hereunder must be given to the Company at its Home Office (1) during the lifetime of the Insured and (2) during the period of continuous total disability unless it be shown that it was not reasonably possible to give such proof and that due proof was given as soon as was reasonably possible; but in no such event shall any benefits be allowed for any period of disability that preceded by more than seven months the actual receipt at the Home Office of the Company of due proof of claim hereunder.

"Any claim hereunder must be made in writing on forms supplied by the Company and must be filed together with the policy for en-

dorsement at the Home Office of the Company in Greensboro, N. C."

On March 24, 1940, plaintiff became very ill, and his ailment was diagnosed as an acute attack of heart disease, with definite coronary occlusion. He was taken immediately to a hospital, where he remained for six weeks and two days, and was then removed, to his home, where he continuously remained disabled and incapacitated from attending to his business affairs until October 4, 1942, when he sought, for a time, to take charge of his affairs. He suffered a relapse on December 15, 1942. During the period following the initial attack, plaintiff was not able to go to his office or take care of his business or affairs, or to be annoyed therewith. He is still incapacitated to attend to all of his business, and is only able to attend to minor parts thereof. During his illness his business affairs were conducted by his secretary, who, without direction from plaintiff, paid the premiums on said insurance policy which became due on the 28th days of April in 1940 and 1941. In December, 1941, plaintiff, for the first time, became acquainted with the terms of his policy, especially the waiver clause quoted in part above, and a short time thereafter filed with the company, at its home office, proof of his disability, whereupon defendant, presumably at the request of the plaintiff, waived the premium due on April 28, 1942. Along with this proof, plaintiff filed his request for a refund of premiums paid by him in 1940 and 1941, which refund the defendant refused to make, and this action resulted. The amount of the premiums for the two years aforesaid was $1494.40, which, together with interest thereon to the date of judgment, aggregates the sum of $1723.63.

The position of plaintiff is that under the terms of the waiver clause aforesaid, he was entitled to a waiver or release of premiums paid in 1940 and 1941, and, having paid the same, is now entitled to have them refunded, even though, admittedly, he did not notify defendant of his disability within six months after the

dates on which said premiums became due. His contention seems to be based on two theories: (1) That, during his illness, he was incapable of looking after his affairs, or furnishing the proof of disability required by the terms of his policy of insurance, and (2) proof of his disability within the terms of the policy was not a condition precedent to a waiver of premium and could be given within a reasonable time after it became possible for him to furnish such proof. The position of the defendant is that under the terms of the policy contract, proof of disability, within six months after the due date of the premiums involved, was a condition precedent to his right to have such premiums waived; and that not having furnished such proof within such time, and having voluntarily made payment of the premiums, plaintiff is not entitled to recover the same.

Attention is called to the terms of the waiver clause. It provides, in effect, that if, while the policy is in force, and before the anniversary of the policy on which insured's age at nearest birthday is sixty years, the company shall, during the lifetime of the insured, and during the period of disability, be furnished with due proof that insured has become totally disabled by bodily injuries or disease, commencing subsequent to the issuance of this policy, and while the same is in force, and that he has been continuously and wholly prevented thereby for six or more consecutive months from engaging in any occupation or employment whatsoever for remuneration or profit, the company will waive the premiums or installments thereof which shall become payable prior to the maturity date of the policy, and during such period of continuous total disability, beginning with the premium or installment thereof the due date of which next succeeds the date of commencement of such disability. Thus far, there is an unconditional promise to waive the payment of premiums upon the happening of the specifically defined event; but there is an important *proviso* attached to this promise. It is: "provided however, that in no event shall a premium or

installment thereof be waived, the due date of which preceded by more than six months the receipt, at the Home Office of the Company, of due proof of such disability." It further provides that if any premium becoming due during such disability is in default before receipt at the home office of the due proof of said disability, such premium will be waived, provided such due proof is received at the home office within six months of the due date of such premium or installment thereof in default. Then follows a provision which extends the above provision to seven months, where the disability develops during the grace provision of thirty days provided for in the policy. The latter provision is not applicable to the case before us. There is another provision of the waiver to plaintiff's advantage, which is that to be effective due proof of claim of disability must be given at defendant's home office, during the lifetime of the insured, and during the period of continuous total disability, unless it be shown that it was not reasonably possible to give such proof, and that due proof was given as soon as reasonably possible. However, this is limited by the further provision that "in no such event shall any benefits be allowed for any period of disability that preceded by more than seven months the actual receipt at the Home Office of the Company of due proof of claim hereunder." Whether the word "benefits" covers waiver of premium, we do not know, but it is assumed that it does, because there is nothing in the waiver clause in the policy under which the word "benefits" can be given any other meaning.

As noted above two premiums were paid by the plaintiff during the period of his total disability. Under the terms of the waiver clause of the policy, that disability occurred before the due date of the first premium paid. Therefore, the provision of the policy with respect to disability occurring within the grace period need not be considered. In this situation the undertaking of plaintiff was to furnish due proof of disability not later than six months after any premium

should become. due. Plaintiff did not furnish proof of his disability until January, 1942, a date more than six months beyond the due date of either of the premiums paid. On the face of the record that fact would seem, under the contract between the parties, to preclude recovery for such premiums, although, had due proof of plaintiff's unquestioned disability been furnished, in accordance with the terms of the policy, he would clearly have been entitled to have the premiums waived, a right which the defendant company recognized by waiving the premium due on April 28, 1942.

The question arises whether the contract can be construed either under its terms, or by applicable legal rules, to permit the plaintiff to furnish proof of his disability within a reasonable time after becoming able temporarily to attend to his business and acquainted with his rights under his policy, and thereby entitle the plaintiff to recover the two premiums voluntarily paid by him.

There is a line of authority which sustains the position that where a physical or mental condition makes the furnishing of proof not possible, it may be furnished within a reasonable time after such disability is removed. In 29 Am. Jur., 836, we find the following: "Although there is some authority to the contrary, the overwhelming weight of authority is to the effect that the insured in policies requiring notice or proof of loss or disability within a specified time is excused for his failure to give such notice within the stipulated period if he is prevented from doing so by reason of mental incapacity, and that in case the insured recovers his faculties, it is sufficient if he gives notice within a reasonable time thereafter." In *Mutual Life Co.* v. *Johnson*, 293 U. S. 335, 55 S. Ct. 154, 79 L. Ed. 398, the Supreme Court of the United States interpreted the law of the State of Virginia, and held that where, before the expiration of the period of grace allowed for payment of a premium insured became totally and permanently disabled, both physically and mentally to such

extent that he was unable to give notice to the company in advance of default, and thus procure the waiver called for by the policy, the insured's estate was entitled to benefits thereunder, and a waiver of the premiums which was necessary to keep the policy in force. This was a case where there was default in the payment of a premium on December seventeenth, at which time insured was permanently disabled, not only physically but mentally, to such extent that he was unable to give notice to the insurer in advance of default and died on January twentieth following. *Rhyne* v. *Jefferson Standard Life Insurance Co.*, 196 N.C. 717, 147 S.E. 6, decided in 1929, was a case wherein the insured became insane, and the right to furnish proof of his disability was upheld. To the same effect are the following cases: *Swann* v. *Atlantic Life Insurance Co.*, 156 Va. 852, 159 S.E. 192; *Wooddell* v. *Aetna Life Insurance Co.*, 214 N.C. 496, 199 S.E. 719; *Bank of Commerce & Trust Co.* v. *Northwestern National Life Insurance Co.*, 160 Tenn. 551, 26 S.W. 2d 135; *Levan* v. *Metropolitan Life Insurance Co.*, 138 S.C. 253, 136 S.E. 304; *Love* v. *Northwestern National Life Insurance Co.*, 119 F. 2d 251.

On the other hand, there is authority to the effect that where an insurance policy does not violate any statutory rule governing its issuance, and which requires proof of disability within a plainly designated period of time, it will be treated as a contract between the parties, and a condition precedent, binding on all parties, regardless of extraneous developments, whether the same relates to benefits, or waiver of premiums, during such disability. *New York Life Insurance Co.* v. *Quinn*, 171 Miss. 396, 157 So. 902; *Yohalem* v. *Columbian National Life Insurance Co.*, 136 Misc. 748, 240 N.Y.S. 666; *Rosenbaum* v. *New York Life Insurance Co.*, 57 N.Y.S. 2d 229; *Union Central Life Insurance Co.* v. *Trundle*, 61 Ga. App. 110, 5 S.E. 2d 675; *Belbas* v. *New York Life Insurance Co.*, 300 Mass. 471, 15 N.E. 2d 806; *Sherman* v. *Metropolitan Life Insurance Co.*, 297 Mass. 330, 8 N.E. 2d 892; *Western & Southern Life In-*

*surance Co.* v. *Robertson*, 253 Ky. 13, 72 S.W. 2d 718; *Equitable Life Assurance Society* v. *Adams*, 259 Ky. 726, 83 S.W. 2d 461; *Equitable Life Assurance Society* v. *Daniels*, 261 Ky. 351, 87 S.W. 2d 960; *Equitable Life Assurance Society* v. *Price*, 265 Ky. 774, 97 S.W. 2d 810; *Prudential Insurance Co.* v. *Allen*, 294 Ky. 553, 172 S.W. 2d 54; *Saul* v. *New York Life Insurance Co.*, 92 F. 2d 665.

Our own cases are in harmony with the view that contracts of life insurance, as other contracts, must be construed according to the plain meaning of the terms employed therein by the parties. *Iannarelli* v. *Kansas City Life Insurance Co.*, 114 W. Va. 88, 171 S.E. 748. That was a case where insured became insane and was committed to a hospital, and while so held therein, there was failure to pay a premium on an insurance policy held by him, and this Court held: "Under the provisions of a life insurance policy waiving payment of premiums during total disability of insured upon receipt by the insurer of proof of the disability, the receipt of such proof before the policy lapses is a condition precedent to a waiver of premiums, and insanity of the insured at the time of such lapse will not excuse failure to furnish such proof." This is a well considered case and is supported by many authorities cited therein. The same principle was followed in *DaCorte* v. *New York Life Insurance Co.*, 114 W. Va. 172, 171 S.E. 248; *Hayes* v. *The Prudential Life Insurance Co.*, 114 W.Va. 323, 171 S.E. 824; and *Jenkins* v. *New York Life Insurance Co.*, 122 W. Va. 73, 7 S.E. 2d 343. It is contended, however, that our cases deal with situations where, in each case, there was a lapse of a policy occasioned by failure to furnish proof of disability, and where had due proof thereof been furnished, the insured might have been entitled to a waiver of the premiums, the nonpayment of which occasioned the lapse. Generally speaking, this is true, but these cases were decided upon the principle that treats an insurance policy as a contract, binding on both insured and insurer; and if we apply that princi-

ple to the case at bar we can reach no conclusion other than that which denies recovery. Clearly this Court does not recognize any liberality of construction that would nullify the unambiguous terms of a written contract.

We are of the opinion that, considering the waiver clause of the policy as a whole, the plaintiff, on the facts here presented, was required to furnish due proof of his disability within six months from the respective due dates of the two premiums he paid. But even if the insurance policy involved in this action might reasonably be construed to permit the furnishing of proof of disability within a reasonable time after the health of the insured had improved to the extent that he could furnish such proof, and were we inclined to follow the line of cases which supports the theory that proof may be furnished within a reasonable time after the insured has recovered his strength and faculties, we do not think it has been shown here that it was not possible for plaintiff to furnish proof within six months after the due date of either of the premiums paid by him. True, it is stipulated that plaintiff "was not able to go to his office or to take care of any of his business or affairs or be annoyed therewith." It is also stipulated that "from the 24th day of March, 1940, to and including the 4th day of October, 1942, the said plaintiff was totally disabled by disease or bodily injury occurring and commencing subsequent to the issuance of the said policy, and which has continuously and wholly prevented him from engaging in any occupation or employment whatsoever for remuneration or profit." We think these stipulated facts fall short of a showing that it was not possible for plaintiff to have furnished this proof within six months of April 28, 1940, or within six months of April 28, 1941. Had he furnished such proof prior to October 28, 1940, he would have been entitled to a waiver of the premium paid in April of that year; and had he furnished such proof prior to October 28 of the succeeding year, he would have been entitled to waiver of the premium paid

in April, 1941. A stipulation to the effect that he was, during all of said time, prevented from engaging in any occupation or employment whatsoever for remuneration or profit; or that he was not able to go to his office and take care of his business and affairs, or to be annoyed therewith, does not, in our opinion, relieve him of the duty, under his agreement, to furnish proof of his disability at the home office of the company, as a condition precedent to any right to waiver of the payment of either of the premiums involved. He had possession of his policy of insurance, and the apparent fact that he was unacquainted with his rights thereunder does not serve to relieve him of the undertakings assumed by him in case he were to seek any character of benefit thereunder.

Notwithstanding these considerations, it is the contention of plaintiff that having voluntarily paid the premiums in 1940 and 1941 in ignorance of his rights under his policy, he should, on the discovery of the waiver provisions of his policy, nearly two years later, be held to be entitled to recover the premiums paid by him, with interest. The trial court held with that view of the case. We can find no authority which sustains that holding. The following cases hold to the contrary: *Morrison* v. *New York Life Insurance Co.*, 247 App. Div. 715, 285 N. Y. S. 644; *Franklin Life Insurance Co.* v. *Fisher*, 164 Okla. 193, 23 P. 2d 151; *Stonebraker* v. *Reliance Life Insurance Co.*, 123 Fla. 244, 166 So. 583; *Sebastianelli* v. *Prudential Insurance Co.*, 337 Pa. 466, 12 A. 2d 113. It is unfortunate, from the standpoint of the plaintiff, that he did not, within six months after the due date of the earlier of the premiums he has paid, furnish due proof of his disability, as his policy contract plainly required him to do, in order to procure a waiver of that and subsequent premiums. A contract is either binding on both parties, or neither. The importance to the insurance company of reasonably prompt proof of claims on which benefits for disability or waiver of premiums may be based is manifest. Without requiring such prompt notice, insurance companies would never be

able to place any reasonable estimate upon their liabilities, nor have opportunity to make prompt and early investigation of claims and proofs submitted. This is plainly pointed out in the *Iannarelli* case, decided by this Court.

The business world, as it is now organized, is based largely upon promises; and much of the business of the courts involves the construction and enforcement of contracts. The keeping of an agreement is often painful; nevertheless, our business structure would be endangered if courts should permit the evasion or avoidance of unambiguous and clear provisions of agreements. Almost universally, where a contract is plain and unambiguous, is not against public policy, or its execution has not been induced by fraud, it is upheld by the courts. We see no reason why that rule should not apply to the case at bar. As we view it, the proposition before us is simply this: Plaintiff desired to purchase a policy of insurance from defendant, for which he agreed to pay a stated annual premium. He knew that if he failed to pay any premium, as provided, his policy would lapse. He probably envisioned the possibility that he might become disabled in such way that he would not be able to pay one or more of his premiums. The insurance company was willing, for a consideration, to secure him against that contingency, and it was agreed and promised by the insurance company, that, for an additional premium, it would waive any premium which might become payable during any period of total disability, but on this condition: that during his disability, plaintiff would furnish the insurance company, at its home office, within six months of the due date of any such premium, due proof of such disability. In accepting the policy, with the waiver of premium clause attached, plaintiff agreed to all of its terms. The undertakings of the insurer and the insured were mutual, to be performed by each. The plaintiff did not furnish such proof for either of the years in which he paid the premiums he now seeks to recover. He voluntarily paid

such premiums. Not having furnished such proof, he was never entitled to be relieved of the payment thereof, and he has not shown that it was not possible for him to do so within the time agreed upon. It is fundamental in the law of contracts that where a person has failed to perform an act which is a condition precedent to the assertion of a right to which he may have been entitled had he performed such act, he is not entitled to the benefit of the promise for which the omitted act was of the essence of the consideration for such promise. It being admitted that plaintiff was disabled during the two years for which he paid premiums, he was clearly entitled, upon furnishing proof thereof, to have had the premiums waived, but he did not put himself in position to take the benefit of that right. While he presents an appealing case, we cannot overlook and set aside settled rules, based upon the most correct principles of contract law, in order to give him relief. The contention that these premiums were paid under a mistake of fact cannot be sustained. At the time he paid these premiums, he was legally obligated to do so, and did pay them in order to avoid a lapse of his policy. The only way he could absolve himself from his legal obligation to pay the premiums was to furnish due proof of his disabled condition, within the time specified in his agreement: this he failed to do. He cannot now recover the premiums on the theory that they were paid by mistake.

The judgment of the Circuit Court of Cabell County is reversed and the action remanded for a new trial.

*Reversed and remanded.*