### NEIL v. PRUDENTIAL INSURANCE CO., et al.

Circuit Court, Dade County, Civil Appeal.

March 2, 1956.

Joe Creel, Miami, for appellant.

Dixon, DeJarnette, Bradford & Williams, Miami, for Prudential Insurance Co.

Shutts, Bowen, Simmons, Prevatt & Julian, Miami, for New York Life Insurance Co.

STANLEY MILLEDGE, Circuit Judge.

These cases, by stipulation, were consolidated for trial and are consolidated on appeal.

The assured sued the insurance companies on disability policies for disability benefits which had been paid for some 22 years and then stopped on the ground he ceased to be disabled. The companies counterclaimed for disability payments made after termination of disability. At the trial the court granted motions for directed verdicts in favor of the companies, both on the complaints and counter-complaints.

I think that this was error. There was, in my opinion, ample evidence upon which the jury could have found that the plaintiff's disability, within the meaning of the policies, had not terminated. The policies were executed in West Virginia. Whether construed by West Virginia or Florida law, the rule of construction is a liberal one. New York Life Insurance Co. v. Bird (Fla.), 12 So. 2d 454, Hayes v. Prudential Insurance Co. (W. Va.), 171 S. E. 824. By the standards discussed in these cases the jury, on the evidence submitted, could have found for the plaintiff.

There is no profit in discussing the voluminous evidence in detail. Because the plaintiff engaged in some of the activities of a little manufacturing company in which he had invested capital, it does not follow that he could engage in a gainful occupation in a customary manner. To get a job in a competitive field is one thing; to engage in activity around a business in which one has invested capital is another. The jury might have believed that the president of the manufacturing company tolerated his activity because of the capital invested.

As to the counterclaims, I do not understand the procedures by which a money judgment against a plaintiff in favor of a defendant is entered, without proof from the claimant or an opportunity to answer by his adversary.

The plaintiff is entitled to have his case decided by a jury, so the judgments appealed from are reversed.