■ MADELYN VANDER WEL et al., Appellants, v PHILIP J. PALAZZO, Respondent, et al., Defendant.—Judgment, Supreme Court, Bronx County (Peter Rosato, J.), entered August 9, 1988, after jury trial, in favor of defendant-respondent, unanimously reversed, on the law and the facts, and the matter remanded for a new trial, with costs to abide the event.

Supreme Court erred in excluding the X rays taken by plaintiff-appellant's medical witness in September 1987, which were relevant and admissible as demonstrative evidence of the condition resulting from respondent's alleged malpractice. X rays have long been held admissible when explained by a competent expert witness (see, Marion v Coon Constr. Co., 216 NY 178, 181 [1915]). The X rays proffered by appellant satisfied the requirements of CPLR 4532-a, which provides one means for authenticating X rays that will be offered in evidence in personal injury actions.

Appellant called Dr. Marvin Chirls, an orthopedic surgeon whom she consulted in September 1987, six years after she sustained the injury to her left elbow. Dr. Chirls examined appellant and took X rays of both elbows. These X rays were offered as evidence of the condition of appellant's left elbow after the alleged improper treatment by respondent and its deviation from the uninjured right elbow. Although Dr. Chirls was not consulted for the purposes of treatment at the time of the injury, his diagnosis and prognosis were certainly relevant in view of the allegations in the complaint that appellant was "permanently injured and disabled." He was available to authenticate and interpret the X rays and, of course, to be cross-examined by respondent's counsel. The court's refusal to admit the X rays, which were intended to show that appellant's injury had not healed properly because of improper treatment by defendant-respondent, cannot be deemed harmless error.

That error was compounded by the court's refusal to permit appellant's counsel to cross-examine respondent's medical expert as to his conclusion, based on the hospital X rays of appellant's left arm, that there was a "fracture dislocation of the elbow." The only diagnosis listed in the emergency room record when respondent first treated appellant, however, was "supracondylar fracture of the left humerus". Although respondent testified at trial that appellant had suffered a "severe fracture dislocation" neither the hospital records nor respondent's office records mentions a dislocation of appellant's elbow. This was not a collateral matter. The absence of any reference to a dislocation in the medical records was directly relevant and probative of the factual basis supporting the conclusions of respondent's expert witness (Caton v Urban Constr. Co., 65 NY2d 909, 911 [1985]; Matter of Aetna Cas. & Sur. Co. v Barile, 86 AD2d 362, 364-365 [1st Dept 1982] [facts upon which expert opinion is based must be fairly inferable from the evidence]).

We therefore reverse and remand for a new trial. Concur—Kupferman, J. P., Sullivan, Milonas, Rosenberger and Wallach, JJ.